ANDERSON & Co. v. THE UNION PACIFIC RAILWAY COMPANY, Garnishee.

GALBRAITH v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Garnishee.

Justices and Their Courts: JURISDICTION IN ATTACHMENT: NON-RESIDENT DEFENDANTS. Under section 3511 of the Code, justices of the peace have jurisdiction of actions commenced by the attachment of property found within their respective townships, and to subject such property to the payment of the plaintiffs' claims, though the defendants do not reside in the state, and no personal service of notice is made upon them. The posting of notices in accordance with sections 3609, 3610 is sufficient to confer jurisdiction over the property. Sections 3507 and 3517 of the Code, relating to the jurisdiction of justices, and the commencement of actions before them, are not in conflict with section 3511, and do not annul it.

*Appeals from Pottawattamie District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 15, 1889.

ACTIONS in attachment, brought before a justice of the peace. Judgments were rendered against the defendants and the garnishees. On appeal to the district court the garnishees insisted that the transcript of the justice of the peace showed a want of jurisdiction; but judgment was entered in the district court against the garnishees, from which they appeal.

*Wright, Baldwin & Haldane,* for appellants.

*Smith, Harl & McCabe* and *Flickinger Bros.,* for appellees.

BECK, J.—I. These actions present similar facts and involve the same questions of law. The amount in controversy being less than one hundred dollars, they are brought here by appeal upon certificates, each of which is in the following language: "Has a justice of the peace jurisdiction to entertain and take cognizance of a suit against a non-resident of the state of Iowa, and to issue a writ of attachment in said suit, to be levied upon the property of such non-resident found within the township of said justice, and enter a judgment in such suit subjecting the attached property to the payment of the plaintiff's claim, when such non-resident defendant is not found in any county or township within the state of Iowa, and is not personally served with notice of the institution of the suit, either within or without the state, but in which the provisions of sections 3609 and 3610 of the Code were fully complied with?"

II. Code, section 3511, is in the following language: "Actions to recover personal property and suits commenced by attachment may be commenced in any county and township wherein any portion of the property is found, and justices shall have jurisdiction therein within the county." This section prescribes that the place of bringing an action by attachment before a justice of the peace shall be in the township wherein any portion of the property is found. Sections 3507

and 3509 limit the jurisdiction of justices of the peace to the county, and prescribe that suits may be brought before them in "the township where the plaintiff or defendant, or one of several defendants, resides." Section 3511 applies to actions in attachments. The other sections cited apply to actions commenced by personal service of notice. They do not, therefore, conflict, and each is of force when applied to its proper subject. Counsel insist that this section is nullified by sections 3507 and 3517. As we have just said, sections 3511 and 3507 apply to different subjects, and are not in conflict. Section 3517 provides that "actions in justices' courts are commenced by voluntary appearance or by notice." Counsel insist that actions cannot be commenced by attachments, and therefore the expression found in section 3511, "suits commenced by attachment," is a misuse of terms. It seems to us that the legislature may prescribe what shall be regarded as the commencement of an action, and declare that an attachment shall be so regarded. This is done in this section. But, without such legislative provision, an attachment is the commencement of an action where no personal service is had. It is, in such case, an action *in rem*. Actions of this character are commenced by the seizure of the *res*, which confers jurisdiction upon the court to proceed to judgment after notice by publication or by posting, which shall bind the property, but not the person, of defendant. When no personal service is had on the defendant, notice is given by posting up written notices as prescribed in Code, sections 3609, 3610. It will be readily seen that the provisions of the statute which we have cited refer to actions by attachment in justices' courts. Sections cited by counsel as being in conflict therewith apply to other subjects, viz., personal actions, or actions in the district court. There is no conflict in these several statutes. Other positions and arguments of defendant's counsel need not be considered, as it is made plain by the consideration we have stated that the judgment of the district court ought to be

AFFIRMED.